## (April 24, 1972)

In the Matter of ELLEN HERMELEE, Respondent, v. LAURENCE S. HERMELEE, Appellant.— Order, Family Court of the State of New York, New York County entered on December 23, 1971, awarding petitioner $1,750 for counsel fees incurred in defending two prior appeals, modified, on the law and on the facts, by reducing such award to $500, and, as so modified, affirmed, without costs and without disbursements. In view of the relatively simple questions involved on the prior appeals, the amount awarded was excessive to the extent indicated. In reaching our determination, we have also considered the legal services rendered to petitioner-respondent in defending the instant appeal and the sum awarded, as hereby modified, shall also be

deemed to include such services. Concur — Nunez, J. P., Kupferman, Murphy and Eager, JJ.; Steuer, J., dissents in the following memorandum: The Family Court awarded petitioner's counsel a fee of $1,750 for defending two prior appeals. This court has reduced the fee to $500. No fee at all is permissible. The prior appeals, which were heard together, involved, respectively, awards of alimony and support and counsel fees. As regards the last, this court reduced the counsel fee from $3,000 to $1,750. Evidently to accommodate for this reduction, the award now the subject of appeal was made. It is inherent in the adjudication when an appellate court has before it the question of counsel fees and makes a reduction that the court is aware that counsel have to defend the appeal and that such services are perforce included in the reduced amount awarded. Otherwise we have the endless absurdity of the trial court awarding fees for the unsuccessful defense on appeal of the original award, and then awarding fees for the defense of the second award, and so on ad infinitum. Not only should the award not be countenanced, but as the only interest is that of counsel they should personally pay the costs of the appeal.